No. 1002 November 19, 2025 135

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Richard E. PIERCE,
*Petitioner,*

*v.*

BOARD OF PAROLE
AND POST-PRISON SUPERVISION,
*Respondent.*

Board of Parole and Post-Prison Supervision
A184635

Argued and submitted October 14, 2025.

Daniel C. Bennett, Deputy Public Defender, argued the cause for petitioner. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Oregon Public Defense Commission.

Erica L. Herb, Assistant Attorney General, argued the cause for respondent. Also on the brief were Dan Rayfield, Attorney General, and Benjamin Gutman, Solicitor General.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Petitioner was convicted of murder by abuse and third-degree assault for the shaking death of his infant child and injuries caused to his other infant child. Petitioner was sentenced to life in prison with the possibility of parole after 25 years for the murder conviction and a consecutive term of 36 months for the assault conviction. Following a murder-review hearing under ORS 163.115(5), the Board of Parole and Post-Prison Supervision (the board) issued a final order determining that petitioner did not meet his burden to demonstrate that he was likely to be rehabilitated within a reasonable period of time. Based on that determination, the board declined to change the terms of petitioner's confinement. Petitioner now seeks judicial review of that final order, arguing, in a single assignment of error, that the board's order was not supported by substantial evidence or substantial reason. We affirm.

ORS 183.482(8)(c) requires the court to set aside a board order if it is not supported by substantial evidence in the record. Additionally, the substantial evidence standard requires that the board's orders be based on substantial reason. *See Martin v. Board of Parole*, 327 Or 147, 157, 957 P2d 1210 (1998) (requiring the board to provide "some kind of an explanation connecting the facts of the case * * * and the result reached"). Petitioner argues that the evidence the board relied on was not supported by the record, or that the board failed to supply substantial reason for its findings.[1] The board argues that the record included substantial evidence to support its findings, and that it supplied substantial reason by connecting that evidence with its findings.

Starting with petitioner's argument that the board's order lacks "substantial evidence," a finding is supported by substantial evidence if "the record, viewed as a whole, would permit a reasonable person to make that finding." ORS 183.482(8)(c). The board has adopted OAR 255-032-0020, which provides a nonexclusive list of criteria that

---

[1] Petitioner also argues that the board's order violated his right to due process of law because it was not based on substantial evidence or substantial reason. Because we conclude that the board's order was supported by substantial evidence and substantial reason, we do not consider petitioner's due process argument further.

the board may consider when determining "whether or not [an] inmate is likely to be rehabilitated within a reasonable period of time." The board determined that two of these criteria weighed so heavily against petitioner that he failed to meet his burden to demonstrate that he was likely to be rehabilitated in a reasonable period of time. In particular, the board determined that petitioner's minimization of the severity and violence of his actions, his testimony that he never thought he was hurting his children when he shook them, and his testimony that he was not angry when he perpetrated his crimes was evidence of his failure to demonstrate responsibility or gain insight into his crime. OAR 255-032-0020(4) (board may consider "[t]he inmate's maturity, stability, demonstrated responsibility, and any apparent development in the inmate personality which may promote or hinder conformity to law"). The board also determined that petitioner's testimony that he "never thought he was hurting the infants" while violently shaking and squeezing them, and his assertion that his actions were not intentional "simply belie all belief given the nature and extensive totality of the injuries found on the infants when treated by physicians." Further, the board determined that petitioner failed to prove that he was reasonably probable to remain in the community without violating the law, because his testimony failed to adequately identify what triggered his violent behavior, failed to acknowledge the role that anger may have played in his crimes, and failed to identify work that petitioner had done since the time of the crimes to identify and address the personality traits that drove him to commit violent crimes in order to prevent those traits from driving further criminal behavior in the future. OAR 255-032-0020(10) (board may consider whether "[t]here is a reasonable probability that the inmate will remain in the community without violating the law, and there is substantial likelihood that the inmate will conform to the conditions of parole").

Having reviewed the record, we conclude that, in view of petitioner's failure to acknowledge that he knew that his violent conduct directed at the infants was harmful and that his criminal actions were, at least in part, driven by anger, it was reasonable for the board to determine

that petitioner failed to demonstrate that he had matured, accepted responsibility, and gained insight in a manner that promotes conformity to the law. OAR 255-032-0020(4). We also conclude that, given that substantial evidence supports the board's findings that petitioner failed to demonstrate that he had matured, accepted responsibility, and gained insight into the underlying cause of his crimes, it was reasonable for the board to also determine that petitioner failed to demonstrate that he would remain law abiding and conform to the conditions of parole. OAR 255-032-0020(10).

Turning to the petitioner's argument that the board's order lacks "substantial reason," a board order is supported by substantial reason when it "articulates the reasoning that leads from the facts found to the conclusions drawn." *Dixon v. Board of Parole and Post-Prison Supervision*, 257 Or App 273, 286, 306 P3d 716, *rev den*, 354 Or 389 (2013) (internal quotation marks omitted). Here, the board connected the evidence showing petitioner's minimization of the severity and violence of his actions, his claim that he did not know that he was hurting his children when he shook them, and his claim that he was not angry when he perpetrated the abuse to its findings that petitioner failed to demonstrate that he had matured, demonstrated responsibility, and gained insight in a manner that would promote conformity to the law. Those specific determinations supported the board's ultimate conclusion that petitioner failed to carry his statutory burden. We therefore conclude that the board's order was supported by substantial reason.

Affirmed.